Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR ESPINOZA, | Case No. CV11-02542 PSG |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Salvador Espinoza ("Plaintiff"), is a natural person residing in Santa Clara county in the State of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Midland Credit Management, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant sent a letter dated October 8, 2010, to Plaintiff in attempt to collect a debt allegedly owed by Plaintiff to Citibank. Defendant states the

amount owed as $8,450.62, but offers three options for repayment of the alleged debt.

7.  In response to Defendant's October 8, 2010, letter, Plaintiff sent a letter to dispute the alleged debt to Defendant on October 15, 2010. Plaintiff asked Defendant for specific information regarding the alleged debt, as he had no prior business with Defendant or Citibank.

8.  After Defendant failed to respond to Plaintiff's October 15, 2010, Plaintiff called Defendant on November 11, 2010, in attempt to resolve the matter. Plaintiff spoke to Jose Pena, an employee of Defendant, who identified himself as the manager to Plaintiff.

9.  On November 11, 2010, Defendant told Plaintiff that even if Plaintiff filed bankruptcy he would still have to pay Defendant. Defendant also told Plaintiff his credit would be bad and if he wants to get better credit he needs to pay Defendant.

10. Plaintiff sent a second letter disputing the alleged debt to Defendant on November 15, 2010, in a second attempt to obtain more information regarding the alleged debt.

11. Defendant sent a letter to Plaintiff dated December 8, 2010, in response to Plaintiff's November 15, 2010, letter. Defendant again failed to

provide Plaintiff with his requested validation, but instead requested more information from Plaintiff.

12. In response to Defendant's December 8, 2010, letter, Plaintiff sent a third dispute letter to Defendant, dated December 14, 2010.

13. Defendant sent an additional collection letter, dated December 9, 2010, to Plaintiff, wherein Defendant failed to acknowledge that Plaintiff had disputed the alleged debt.

14. Defendant sent a letter to Plaintiff dated December 30, 2010, again stating that Plaintiff had failed to provide enough information to dispute the alleged debt.

15. Defendant sent an additional collection letter, dated January 21, 2011, to Plaintiff, wherein Defendant again failed to acknowledge that Plaintiff had disputed the alleged debt.

16. Plaintiff's counsel sent a letter of representation and request for validation to Defendant on February 14, 2011. After Defendant failed to respond to that letter, a second letter was sent on March 1, 2011.

17. According to the letters sent by Defendant to Plaintiff, the current balance of the alleged debt increased from the letter dated October 8, 2010, until the letter dated January 21, 2011, despite Plaintiff's dispute of the alleged debt and request for validation. Defendant's October 8, 2010, letter states the current

balance owed as $8,450.62. Defendant's December 8, 2010, letter states the current balance owed as $8,557.45, even though it acknowledges receipt of his dispute letter. Defendant's December 30, 2010, while also acknowledging Plaintiff's attempted dispute, increases the current balance to $8,593.06. Finally, Defendant's January 21, 2011, letter increases the current balance to $8,628.67.

18. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, increasing the amount of Plaintiff's alleged debt despite his repeated disputes, and stating that Defendant would still have to be paid if Plaintiff filed bankruptcy (§1692e(2)(A));

    b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, increasing the amount of Plaintiff's alleged debt despite his repeated disputes, and stating that Defendant would still have to be paid if Plaintiff filed bankruptcy (§1692e(10);

    c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, increasing the amount of Plaintiff's alleged debt despite his repeated disputes, and stating that Defendant would still have to be paid if Plaintiff filed bankruptcy (§1692f));

    d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt including,

but not limited to, increasing the amount of Plaintiff's alleged debt despite his repeated disputes, and stating that Defendant would still have to be paid if Plaintiff filed bankruptcy (§1692f(1));

e) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, increasing the amount of Plaintiff's alleged debt despite his repeated disputes, and stating that Defendant would still have to be paid if Plaintiff filed bankruptcy (§1692f(1));

f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, increasing the amount of Plaintiff's alleged debt despite his repeated disputes, and stating that Defendant would still have to be paid if Plaintiff filed bankruptcy (§1692d));

g) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt, including, but not limited to, increasing the amount of Plaintiff's alleged debt in subsequent letters despite his repeated disputes(§1692g(b));

h) Overshadowing the disclosures required by 15 USC §1692g(a) during the thirty-day dispute period, including, but not limited to, increasing the amount of Plaintiff's alleged debt in subsequent letters despite his repeated disputes (§1692g(b)); and

i) Making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a), including, but not limited to, increasing the amount of Plaintiff's alleged

debt in subsequent letters despite his repeated disputes (§1692g(b)).

19. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

23. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5)*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
B. Actual damages;
C. Statutory damages for willful and negligent violations;
D. Costs and reasonable attorney's fees,
E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 21st day of May, 2011.

By: _____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff